# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FAATIMA FORD | : | CIVIL ACTION |
| --- | --- | --- |
|  | : |  |
| v. | : |  |
|  | : |  |
| STARR RESTAURANTS | : | NO. 14-6875 |

## MEMORANDUM

YOHN, J.                                                                           DECEMBER , 2014

Plaintiff Faatima Ford brings this action against Starr Restaurants, her former employer, pursuant to Title VII, as amended by the Pregnancy Discrimination Act (PDA), and the Pennsylvania Human Relations Act (PHRA). She seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss her complaint without prejudice to her filing an amended complaint.

## I. FACTS

Plaintiff filed this action using the Court's form complaint for employment discrimination. By marking the appropriate locations on the form complaint, plaintiff indicated that Starr Restaurants discriminated against her based on her race (African American) and gender (female), and because she had an abortion. In support of those assertions, plaintiff asserts the following facts:

> Discrimination against personal preferences, race and sex. Fired under false pretenses. Alleged no call no show. Schedule for employment days changed while off duty. No phone calls to have myself become aware of changes. Apologies from staff for misunderstandings to be fired weeks later over that matter.

1

(Compl. ¶ II.E.) She did not complete the section of the complaint concerning exhaustion of administrative remedies or attach a notice of right to sue letter from the Equal Employment Opportunity Commission to the complaint.[1]

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). Accordingly, courts evaluating the viability of a Title VII complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements" in determining whether a plaintiff has stated a plausible claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[1] A plaintiff claiming employment discrimination must exhaust administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission or relevant state agency prior to bringing an action in federal court. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470-71 (3d Cir. 2001). Accordingly, the Court's form complaint for employment discrimination requests information about a plaintiff's exhaustion of administrative remedies.

### III. DISCUSSION

To establish a *prima facie* case of employment discrimination under Title VII, a plaintiff must show that: "(1) s/he is a member of a protected class; (2) s/he was qualified for the position s/he sought to attain or retain; (3) s/he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). The same standard governs PHRA claims. *See Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999). A plaintiff alleging discrimination based on pregnancy must generally establish that "1) she is or was pregnant and that her employer knew she was pregnant; 2) she was qualified for her job; . . . 3) she suffered an adverse employment decision;" and 4) "there is some nexus between her pregnancy and her employment termination that would permit a fact-finder to infer unlawful discrimination." *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 366 (3d Cir. 2008). Discrimination based on a woman's decision to terminate her pregnancy is cognizable under the PDA. *Id.* at 364. Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

Here, plaintiff has indicated that the defendant terminated her and discriminated against her based on her race, gender, and choice to have an abortion. However, she has not alleged any facts to support those allegations. The fact that she was terminated and/or endured unfavorable conditions at work does not, without more, support an inference that she was discriminated against due to her membership in a protected class. *See, e.g., Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are

insufficient to survive a motion to dismiss."); *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010) (affirming dismissal of complaint for failure to state a claim when plaintiff "offered no factual allegations to bolster her legal conclusions"). Accordingly, the Court will dismiss the complaint. However, plaintiff may file an amended complaint in the event that she can cure the above deficiencies. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed without prejudice to her filing an amended complaint. An appropriate order follows.